**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **STEPHEN HAVERKAMP,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00644-ADA-DTG** |
| | § | |
| **KEATING TRACTOR & EQUIPMENT,** | § | |
| **INC.,** | § | |
| | § | |
| *Defendant,* | § | |

**REPORT & RECOMMENDATION TO
DENY DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14)**

**TO:    THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, Keating Tractor & Equipment Co.'s motion to dismiss. Dkt. No. 14. The motion is fully briefed, and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED.**

## I.    BACKGROUND

This case arises from the purchase of a tractor that was damaged in delivery. The defendant, Keating Tractor & Equipment Co. ("Keating"), sold a 1999 John Deere 9400 tractor "as is" to the plaintiff. Dkt. No. ¶ 10. According to the plaintiff's complaint, the defendant arranged to deliver the tractor to the plaintiff through a broker, Heat LLC, and Heat LLC hired Re Born LLC to transport the tractor from the defendant's place of business to the plaintiff's

farm. *Id*. ¶ 12. En route, an impact occurred that damaged the tractor. *Id*. Upon the tractor's arrival at the plaintiff's farm, the plaintiff refused to accept the delivery. *Id.* ¶ 13. The plaintiff contacted the defendant regarding the tractor's repair, but the defendant took no action. *Id.* ¶ 16.

Plaintiff filed an amended complaint alleging that Keating breached their contract by failing to deliver the tractor as agreed upon. Dkt. No. 13 ¶ 27. In response, the defendant filed a 12(b)(6) motion to dismiss for failure to state a claim, arguing that the plaintiff failed to meet the plausibility standard for pleadings, that the risk of loss had passed to the plaintiff, and that the plaintiff had waived any liability for damages in delivery. Dkt. No. 14 ¶ 8-22.

## II.     ANALYSIS

The defendant Keating's motion to dismiss is governed by Rule 8(a)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No 14 ¶ 8, 10. Per Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)6) allows a court to dismiss claims that fail "to state a claim upon which relief can be granted" upon a defendant's timely motion. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should be granted for claims lacking facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In examining a Rule 12(b)(6) motion, all well pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

The defendant's arguments regarding the plausibility of the plaintiff's claim are unpersuasive. First, the defendant argues that the plaintiff failed to meet the pleading standard set out in *Twombly* and *Iqbal* by characterizing the plaintiff's amended complaint as a formulaic

recital of the elements of a breach of contract claim and conclusory statements that the defendant breached the contract. Dkt. No. 14 ¶ 11, 12. Further, the defendant argues that the risk of loss passed to the plaintiff once the tractor left the defendant's facility, relying on UCC provisions regarding shipment of goods by carrier and pre-UCC Texas case law. *Id.* ¶ 18. Lastly, the defendant alleges that the plaintiff waived its right to recover damages incurred in delivery and basis this argument on a purchase agreement for the tractor attached to its motion to dismiss. *Id.* ¶ 20-22; Dkt. No. 14-1. That purchase agreement, which is not part of the amended complaint, allegedly contains a waiver provision that the defendant contends binds the plaintiff. *Id.*

For the plaintiff to allege a breach of contract claim, he must allege facts supporting four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

While the plaintiff's amended complaint is not overly detailed, he has alleged sufficient facts to state a claim when making all reasonable inferences in his favor. Attachment C to the amended complaint shows the existence of a contract formed through a series of text exchanges between the plaintiff and the defendant's agent. Dkt. No. 13 at 49-57. The plaintiff pled facts showing his performance in Attachment D, which is a copy of the wire transfer of the purchase price for the tractor to the defendant. *Id.* at 59. Further, the Plaintiff pled facts supporting the defendant's breach by stating that the defendant failed to deliver the tractor. *Id.* ¶ 27. This allegation is substantiated by Attachment C, which shows the defendant agreeing to deliver the tractor to the plaintiff. *Id.* at 50. Lastly, the plaintiff pled facts supporting his damages in Attachment E, which contains an appraisal for repairs to the tractor resulting from damage

sustained in transit. *Id.* at 61-66. Accepting these facts as true, the plaintiff has pled a facially plausible breach of contract claim.

The defendant's risk of loss does not provide a basis to dismiss the plaintiff's claim. Taking the plaintiff's well-pleaded facts as true, UCC Article 2 provides that "if a contract authorizes the seller to ship the goods by carrier, . . . the risk of loss passes to the buyer when the goods are so duly tendered as to enable the buyer to take delivery." Tex. Bus. & Com. Code § 2.509(a). Because the plaintiff rejected the non-conforming tractor, the goods were never duly tendered to the plaintiff, and the risk of loss did not pass to the plaintiff.

Lastly, the Court need not consider the defendant's waiver argument. On a 12(b)(6) motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). A court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not. *Isquith ex rel. Isquith v. Middle S. Utils.*, 847 F.2d 186, 196 (5th Cir. 1988). Looking only at what is pled in the plaintiff's complaint, there is no basis to dismiss the case based on any waiver. Therefore, in its discretion, the court disregards the exhibit to the defendant's motion and does consider it in support of the defendant's waiver.

### III.        RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 14) be **DENIED.**

### IV.        OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 9th day of February, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE